UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CR-00977-CDP ) |
| ANTONIO DIXSON, | ) ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S
FIRST MOTION IN LIMINE FOR ADMISSION OF
OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT**

COMES NOW the United States of America and moves this Court in limine to admit at trial evidence of other crimes, wrongs, or acts of Defendant pursuant to Federal Rule of Evidence 404(b). In support of its motion, the United States of America states as follows:

**INTRODUCTION**

By letter dated November 5, 2019, the United States has given notice to Defendant Antonio Dixson ("Dixson" or "Defendant") that it intends to offer testimonial and documentary evidence at trial regarding Dixson's prior crimes. Specifically, the United States intends to introduce evidence at trial pursuant to Federal Rule of Evidence 404(b) regarding Dixson's conviction in the 22nd Judicial Circuit Court, State of Missouri, Case No. 22061-00720, for one count of Unlawful Use of a Weapon and one count of Possession of a Defaced Firearm.[1]

---

[1] Mr. Dixson has also been convicted of: (1) physical taking property from a victim (Case No. 0622-CR00242); (2) possession of controlled substances and possession of less than 35 grams of marijuana (Case No. 0722-CR06612); and (3) third degree assault on a correctional officer and second degree property damage (Case No. 1622-CR04192). The United States is not seeking the admission of these prior bad acts pursuant to Rule 404(b).

1

**STATEMENT OF FACTS**

I.     **This Case.**

On October 28, 2018, at approximately 10:00 p.m., St. Louis Metropolitan Police Officers Benjamin Bayless ("PO Bayless") and Luke McDonnell ("PO McDonnell") (collectively, "the officers") were on routine patrol in the downtown area of Tucker Street and Locust Street, which is located in the City of St. Louis within the Eastern District of Missouri.  The officers observed a suspected trespasser on an entrance ramp to the Christ Church Cathedral, located at 1210 Locust Street, St. Louis, Missouri.  The Christ Church Cathedral had made several complaints to the police department regarding trespassers on church property, including complaints that trespassers were frequently involved in drug use and fighting.  The officers approached the suspect in order to investigate whether or not he was trespassing.

The officers identified the suspect as Antonio Dixson.  When advised that he was trespassing and needed to leave, Dixson began to argue with the officers and become verbally aggressive.  He argued he was not trespassing because he was present on the church property "all the time."  When Dixson refused to leave, he was placed under arrest.  PO McDonnell performed a search of Dixson incident to his arrest.  PO McDonnell located a firearm within Dixson's waistband.  The firearm was loaded with seven rounds of ammunition, and Dixson had an additional 11 rounds of ammunition on his person.

The seized firearm and ammunition were analyzed by an expert firearms examiner with the Saint Louis Metropolitan Police Department Crime Laboratory.  The firearm was a Taurus Tracker .357 caliber revolver.  The firearm was manufactured outside the State of Missouri.  Therefore, the firearm traveled through interstate commerce to Missouri and before or during Defendant's

possession. The firearm was test fired and functioned as designed. The firearm is a "firearm" as defined under federal law.

Prior to October 28, 2018, Dixson had been previously convicted of at least one felony crime punishable by a term of imprisonment exceeding one year. On October 28, 2018, Dixson knew he had been previously convicted of at least one felony crime punishable by a term of imprisonment exceeding one year, because he had in fact received a seven-year sentence for at least one of his previous convictions. Accordingly, a federal grand jury returned an indictment against Defendant charging him with one count of being a previously convicted felon in possession of a firearm. A jury trial is presently set for Tuesday, November 12, 2019.

**II.     Dixson's Other Crimes, Wrongs, or Acts: February 27, 2006, Possession of a Firearm**

On February 27, 2006, Police Officer David Berkley with the Saint Louis Metropolitan Police Department was dispatched to an area near Cherokee Street in response to a report of a teenager carrying a firearm. Officer Berkley responded and located Antonio Dixson with two other individuals near the scene. He approached Dixson to investigate whether he was the subject of the report.

The three teenagers reported they were walking home, but were unable to state the address. They then said they were going to a place with no address. During this questioning, Dixson became agitated and began to act nervous. None of the individuals could produce identifications when requested. Officer Berkley began to pat down the individuals for officer safety. When patting down Dixson, he felt the distinctive butt of a firearm in his right front pocket. Dixson admitted there was a firearm in his pocket, but stated he had just found one lying on the ground and picked it up. The firearm was determined to be a Smith & Wesson .38 caliber six-shot revolver. The firearm was defaced in that the serial number had been scratched out.

Dixson was charged by Complaint in the 22nd Judicial Circuit, State of Missouri, on February 28, 2006, and by Information on April 7, 2006, with one count of Unlawful Use of a Weapon and one count Possession of a Defaced Firearm.  On January 10, 2007, Dixson was sentenced to 4 years on Count One and 6 months on Count Two.  Execution of the sentence as to both counts was suspended and Dixson was placed on probation.  On January 11, 2008, Dixson's probation was revoked.  He was ordered discharged on Count Two, but the four-year sentence on Count One was ordered executed.

## ANALYSIS

Dixson has pled not guilty to the present charge, and, as such, Dixson has placed the burden on the Government to prove each element of the presently charged offense beyond a reasonable doubt.  One such element is that Defendant knowingly and/or intentionally possessed a firearm.  As such, the United States is entitled to introduce evidence, pursuant to Rule 404(b), of Defendant's previous convictions of one count of unlawful use of a weapon and one count of possession of a defaced firearm.

Evidence of other crimes, wrongs, or acts is admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or lack of accident." Fed. R. Evid. 404(b); United States v. Walker, 470 F.3d 1271, 1275 (8th Cir. 2006).  "Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition." United States v. Shoffner, 71 F.3d 1429, 1431 (8th Cir. 1995).  See, United States v. Foster, 344 F.3d 799, 801 (8th Cir. 2003) ("Rule 404(b) is a rule of inclusion; assuming that the other tests for admissibility are satisfied, evidence of a prior crime should be excluded only when its sole relevance goes to the character of the defendant.") (internal citation omitted); United States v. Yellow, 18 F.3d 1438, 1441 (8th Cir. 1994).

4

Rule 404(b) evidence is inadmissible "only when such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." Foster, 344 F.3d at 801 (quoting United States v. Ruiz-Estrada, 312 F.3d 398, 403 (8th Cir. 2002)). It is well established that evidence of other crimes, wrongs, or acts is admitted properly when it is:

(1) relevant to a material issue;

(2) similar in kind and not overly remote in time to the crime charged;

(3) supported by sufficient evidence;

(4) higher in probative value than prejudicial effect.

United States v. Adams, 783 F.3d 1145, 1149 (8th Cir. 2015); See also Walker, 470 F.3d at 1274; United States v. Vieth, 397 F.3d 615, 617-18 (8th Cir. 2005).  "[The Eighth Circuit has] held on many occasions that prior convictions of firearm offenses are admissible to prove that the defendant had the requisite knowledge and intent to possess a firearm." Adams, 783 F.3d at 1149.

As detailed below, the United States can satisfy this four-part test for the admissibility of evidence, pursuant to Rule 404(b), as to Dixson's 2007 convictions on one count of unlawful use of a weapon and one count of possession of a defaced firearm.

**A.      Dixson's Prior Bad Acts Are Relevant to the Central Issues of the Case**

The evidence regarding Dixson's 2007 convictions are relevant for the purposes listed in Rule 404(b), including knowledge and intent.  Dixson's previous act of possessing a firearm is relevant to showing that Defendant's act of possessing the firearms in the presently charged case was knowingly and intentionally done and that it was not the result of a mistake.  "Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent." Walker, 470 F.3d at 1274.  A defendant's "prior conviction for armed robbery addresses the material issue of his knowledge of the presence of the firearm and his intent to possess it." Id.  In

5

the Walker case, the government was allowed to admit this evidence of knowledge and intent, even when the defendant did not specifically argue lack of knowledge or intent at trial.  Id. ("Knowing possession of a firearm, however, is an element of 18 U.S.C. § 922(g)(1), and Walker placed his knowledge of the firearm's presence in the headboard of the bed at issue by pleading not guilty to the crime and requiring the government to prove his guilt beyond a reasonable doubt.").

When a defendant claims that a firearm's presence is a mere coincidence, that it was left behind by another individual, or that someone planted it on him, evidence of previous possession of a firearm "establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a firearm is present at a subsequent time (or, put differently, that his possession at the subsequent time is not mistaken or accidental)." United States v. Jernigan, 341 F.3d 1273, 1281 (11th Cir. 2003) (parenthetical in original); see also United States v. Harris, 324 F.3d 602, 607 (8th Cir. 2003) (summarily affirming, in a felon-in-possession case, district court's admission of Rule 404(b) testimony that "a visitor to [the defendant's] home . . . saw him possess a firearm prior to his arrest"); United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (Rule 404(b) evidence admissible to show lack of mistake). In other words, evidence of Defendant's prior possession of firearms is clearly admissible to establish the material issues enumerated in Rule 404(b).  The Government is seeking to introduce this Rule 404(b) evidence to establish these material issues – the Government is not seeking to introduce this evidence to paint Defendant as a bad guy.

    **B.**    **Dixson's Prior Bad Acts Are Similar and Recent**

Second, Defendant's prior convictions have strong similarities to the crime for which Defendant is now charged.  The Eighth Circuit has noted that "the prior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent."  Walker, 470 F.3d at

6

1275 (citation omitted).  In Walker, the court concluded that the defendant's prior conviction for first degree robbery was similar in kind to the charge of being a felon in possession of a firearm, as each offense involved his possession of a firearm in connection with a criminal act.  Id.  Here, Dixson's prior conviction for unlawfully possessing a concealed weapon is similar in kind to the present charge of being a felon in possession of a firearm.

As for proximity in time, Defendant's convictions are more than sufficiently close in time so as not to bar the admission.  Without taking into consideration any period of incarceration, 12 years and 8 months elapsed between Defendant's prior act of a possessing firearm and the offense date of the presently charged case.  Walker, 470 F.3d at 1275 (affirming use of 18-year-old conviction for 404(b) evidence).  However, considering the Defendant's incarceration time, this proximity is even closer.  Id. (noting that Walker served 10 years on an 18-year-old conviction, and therefore Walker was only out of prison for eight years since the 404(b) offense).  Dixson was convicted of this offense in 2007 and sentenced to probation.  His probation in this and another case was revoked in April 2008, and he was incarcerated through July 29, 2014, with only a brief three-month parole period during that time, for a total period of incarceration of six years.  He spent an additional 15 months in prison for a conviction that was later overturned on appeal.  In all, of the 12 years between Defendant's prior firearm arrest and his current arrest, he was un-incarcerated for less than 5 years and 5 months.  As the Eighth Circuit has made clear, proximity in time is a factor in deciding whether to admit 404(b) evidence, but there is no fixed period within which the prior acts must have occurred. United States v. Baker, 82 F.3d 273, 276 (8th Cir. 1996); see also United States v. Burkett, 821 F.2d 1306, 1310 (8th Cir. 1987) ("[T]here is no specific number of years beyond which prior bad acts are no longer relevant to the issue of intent.").

Indeed, a significant lapse of time does not necessarily diminish the probative value of the prior bad act.  Of course, when Defendant's previous act of possessing a firearm occurred 12 years prior to the charged offense, such a span of time is hardly enough time to make this evidence unduly remote.  See United States v. Halk, 634 F.3d 482, 487-88 (8th Cir. 2011) (19-year-old conviction); Walker, 470 F.3d at 1274-75 (18-year old robbery conviction); United States v. Strong, 415 F.3d 902, 905-06 (8th Cir. 2005) (16-year old conviction for being a felon in possession of a firearm); United States v. Williams, 308 F.3d 833, 838 (8th Cir. 2002) (prior robbery crimes spanning 20 years, 16 of which were spent in prison); United States v. Ironi, 525 F.3d 683, 687-688 (8th Cir. 2008) (eight-year-old and ten-year old convictions).

Furthermore, Dixson's 2007 convictions clearly are not unduly remote considering (a) their relevance to the issues of his knowledge and intent regarding the firearm he possessed on October 28, 2018, and (b) the fact that Dixson had been incarcerated for a majority of the time since that conviction.  Certainly, Dixson did not "un-learn" what he knows about illegal firearms and their use in the interval between the prior act and his current act of possessing a firearm as a convicted felon.

### C. The Prior Convictions Are Supported By Sufficient Evidence

The circumstances of Dixson's 2007 convictions will be proven by sufficient evidence. The United States intends to prove these convictions through the introduction of court documents; namely, the complaint, and his January 2008 judgment executing the sentence.  The United States will present certified records as to the case.  The Government reserves the right to put on a testimonial witness, too.  This evidence will be sufficient to prove Dixson's prior possession of firearms.  As for certified records, they are sufficient to prove a defendant's prior convictions in the Eighth Circuit.  Walker, 470 F.3d at 1275; Ruiz-Estrada, 312 F.3d at 403-04.

**D.     The Potential Prejudice Does Not Substantially Outweigh Its Probative Value**

The potential prejudice from evidence that a defendant previously possessed a firearm does not substantially outweigh the probative value of such evidence. The Eighth Circuit and this Court repeatedly have held in cases such as this that the potential prejudice from evidence that a defendant previously possessed firearms does not substantially outweigh the probative value of such evidence. See, e.g., United States v. Cole, 537 F.3d 923, 928 (8th Cir. 2008) ("We bear in mind that all Rule 404(b) evidence is inherently prejudicial, but the test under Rule 403 is whether its probative value is substantially outweighed by the danger of unfair prejudice.") (citation and internal quotations omitted); United States v. Cockerham, 417 F.3d 919, 921 (8th Cir. 2005) (holding admission of two prior felon-in-possession convictions in trial of firearm charge was not unduly prejudicial); Harris, 324 F.3d at 607; United States v. Wesley, 990 F.2d 360, 366 (8th Cir. 1993); see also Jernigan, 341 F.3d at 1282; United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002); United States v. Gomez, 927 F.2d 1530, 1534 (11th Cir. 1991).

The United States will not belabor the evidence and will propose a limiting instruction regarding the limited purposes for which the evidence may be used in order to minimize any prejudice. See United States v. Amendares, 397 F.3d 653, 662 (8th Cir. 2005); United States v. Crenshaw, 359 F.3d 977, 1004 (8th Cir. 2004); United States v. Williams, 340 F.3d 563, 569-70 (8th Cir. 2003). The Eighth Circuit presumes that the jury will follow the limiting instructing, limit its use to permitted purposes, and not convict the defendant in violation of the limiting instruction. Adams, 783 F.3d at 1151. The proposed jury instruction to be read with the Rule 404(b) evidence is attached to this Motion as Exhibit A.

**CONCLUSION**

WHEREFORE, the United States respectfully requests that this Court grant its motion in limine and admit the foregoing evidence of Defendant's prior crimes, wrongs, or acts pursuant to Federal Rule of Evidence 404(b) and well-established Eighth Circuit precedent.

    Respectfully submitted,

    JEFFREY B. JENSEN
    United States Attorney

    */s/ Jason S. Dunkel*
    JASON DUNKEL, #65886(MO)
    Assistant United States Attorney
    111 South Tenth Street, 20th Floor
    Saint Louis, Missouri  63102
    Jason.Dunkel@usdoj.gov
    Telephone: (314) 539-2200
    Facsimile: (314) 539-3887

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that the foregoing was filed on November 5, 2019, electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: David Brengle, attorney for the Defendant.

                                               */s/ Jason S. Dunkel*
                                               JASON S. DUNKEL, AUSA